```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
JAMES BARNES,                       :
                                    :
         Petitioner,                :   Civ. No. 21-20466 (NLH)
                                    :
    v.                              :   OPINION
                                    :
                                    :
                                    :
EUGENE CALDWELL,                    :
                                    :
         Respondent.                :
_____:

APPEARANCE:

James Barnes
88173/ B-Pod
Cumberland County Department Of Corrections
54 W. Broad Street
Bridgeton, NJ 08302

   Petitioner Pro se

HILLMAN, District Judge

   Petitioner James Barnes has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1]  See ECF No. 1.

Filing Fee

   The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for

---

[1] Petitioner names both the former warden of the Cumberland County Jail, Charles Warren, and the current warden, Eugene Caldwell, as respondents.  Petitions under § 2241 are properly filed against the petitioner's current custodian; therefore, the Court will dismiss the former warden from the action.

filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

Here, Petitioner has failed to either include the $5 filing fee or an application to proceed in forma pauperis. Petitioner must either submit the $5 filing fee or a complete application to proceed in forma pauperis for his habeas petition to be considered.

Conclusion

For the reason set forth above, the Clerk of Court will be ordered to administratively terminate this Petition without prejudice.[2] Petitioner will be granted leave to apply to re-open

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-

within thirty (30) days, by paying the filing fee of $5.00 or submitting a complete in forma pauperis application.

An appropriate Order will be entered.

Dated: January 10, 2022  s/ Noel L. Hillman
At Camden, New Jersey   NOEL L. HILLMAN, U.S.D.J.

---

opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

3